(Not for publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____   :
                                     :
BANK OF AMERICA, N.A.,               :
                                     :
         Plaintiff and               :
         Counterclaim Defendant,     :    Civil No. 07-261 (RBK)
                                     :
         v.                          :    **OPINION**
                                     :
JACQUELINE GILLEN,                   :
                                     :
         Defendant,                  :
         Counterclaim Plaintiff, and :
         Third-Party Plaintiff,      :
                                     :
         v.                          :
                                     :
HUDSON & KELLY, P.C. f/k/a           :
HUDSON & FELZER, P.C., et al.,       :
                                     :
         Third-Party Defendants.     :
_____    :

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Counterclaim and Third-Party Plaintiff Jacqueline Gillen ("Gillen") for default judgment against Counterclaim Defendant Bank of America ("BOA") and Third-Party Defendants Hudson & Kelly, P.C. (the "Firm"), Lauri A. Hudson ("Hudson"), and Tom Thiebaud ("Thiebaud"), incorrectly identified in the caption as Tom Thieeaud. Further before the Court is a motion by Hudson and Thiebaud to dismiss the Third-Party claims against them and a motion by the Firm and BOA to file an answer out of time. For the reasons set forth below, Gillen's motion for default judgment will be dismissed as moot,

Hudson and Thiebaud's motion to dismiss will be denied, and the Firm and BOA's motion to file an answer out of time will be dismissed as moot.

I. **BACKGROUND**

BOA filed suit against Gillen in the Superior Court of New Jersey, Law Division, Special Civil Part, Burlington County, seeking to recover an alleged debt. The matter was subsequently removed to this Court. On January 16, 2007, the Notice of Removal was filed, along with Gillen's counterclaim against BOA and Gillen's Third-Party Complaint against the Firm, Hudson, Thiebaud, Experian Services Corporation, and Trans Union L.L.C. On January 24, 2007, the Clerk entered default against BOA, the Firm, Hudson, and Thiebaud. On January 26, 2007, Gillen moved for default judgment against these parties. This Court denied without prejudice Gillen's motion on February 5, 2007. On February 9, 2007, Gillen filed a second motion for default judgment, which is presently before this Court. On February 16, 2007, Hudson and Thiebaud filed the motion to dismiss presently before this Court, and BOA and the Firm concurrently moved to file an answer out of time. On March 13, 2007, BOA filed an Answer to Gillen's counterclaim. On May 21, 2007, Magistrate Judge Joel Schneider signed a Consent Order vacating the entry of default against Thiebaud. On July 9, 2007, Magistrate Judge Schneider signed a Consent Order vacating default against the Firm, Hudson, and Thiebaud and directing those parties to file an Answer within 15 days.

II. **MOTION FOR DEFAULT JUDGMENT AND MOTION TO FILE AN ANSWER OUT OF TIME**

The Consent Orders signed by Magistrate Judge Schneider indicate Gillen's consent to vacate the entry of default against the Firm, Hudson, and Thiebaud and allow these parties to file

an Answer. Moreover, in her reply brief, Gillen states that "Gillen's and BoA's counsel have reached an agreement to Vacate the Default entered against BoA and allow BoA time to file an Answer. Gillen's counsel has signed a Consent Order for BoA, and BoA's counsel will be filing it shortly with the Court. Gillen is therefore withdrawing her Motion for Default Judgment against BOA." (Gillen's Reply Br. at 4.) While such a Consent Order has not yet been filed with the Court, this Court will nonetheless rely on this statement in Gillen's brief in vacating default against BOA and allowing BOA's Answer, filed on March 13, 2007, to stand. Accordingly, this Court will dismiss Gillen's motion for default judgment and the motion to file an answer out of time by BOA and the Firm as moot.

### III.     MOTION TO DISMISS

####    A.     Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). The Court may not grant a motion to dismiss unless it is certain that no set of facts can be proven that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

####    B.     Analysis

In moving to dismiss the third-party claims against them, Hudson and Thiebaud assert that they are not personally and individually liable for acts under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1061, et seq. Hudson and Thiebaud assert that any

communications made by them were on behalf of the firm, and that they cannot be held personally liable for these actions.  Hudson and Thiebaud submitted no memorandum of law to accompany their moving papers, offering argument only in their reply brief, which cites absolutely no law to bolster their assertion.  As the Third-Party Complaint alleges liability on the part of Hudson and Thiebaud as "debt collectors," and under certain circumstances, an attorney can be considered a "debt collector" subject to liability under the FDCPA, see Crossley v. Lieberman, 868 F.2d 566, 569 (3d Cir. 1989), Hudson and Thiebaud's assertion that the Third-Party Complaint fails to state a claim against them is meritless.  Accordingly, this Court will deny Hudson and Thiebaud's motion to dismiss.

IV.     CONCLUSION

Based on the foregoing reasoning, this Court will dismiss as moot Gillen's motion for default judgment and the Firm and BOA's motion to file an answer out of time.  This Court will deny Hudson and Thiebaud's motion to dismiss.  Finally, this Court will vacate the entry of default against BOA.  The accompanying Order shall issue today.


Dated: July 18, 2007                                     s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge